## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCON VISION, LLC, | Misc. Case No. 1:19-mc-02241-LDH |
| Plaintiff-Counterclaim Defendant | Judge LaShann DeArcy Hall |
| v. | Underlying Case in the U.S. District Court for the Eastern District of New York, Civil Action No. 1:18-cv-02486-MKB-PK |
| ALLIED VISION GROUP, INC. and NATIONAL LENS LLC, | |
| Defendants-Counterclaim Plaintiffs, | |
| v. | |
| NOVARTIS AG and ALCON LABORATORIES, INC., | |
| Additional Counterclaim Defendants. | |

**KATZ, SAPPER & MILLER, LLP'S NOTICE OF SUPPLEMENTAL AUTHORITY**

25838404

Dated: September 11, 2019

PHILLIPS NIZER LLP
Ilene Jaroslaw, Esq.
485 Lexington Avenue, 14th Floor
New York, New York 10017
Telephone: (212) 841-1343
Facsimile: (212) 262-5152
Email: IJaroslaw@PhilipsNizer.com

TAFT STETTINIUS & HOLLISTER LLP
Jonathan G. Polak (IN Bar No. 219-54-49)*
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: 317.713.3532
Facsimile: 317.713.3699
Email: jpolak@taftlaw.com

Philip R. Bautista (OH Bar No. 0073272) *
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707
Email: pbautista@taftlaw.com

*pro hac vice*

*Attorneys for Non-Party Katz, Sapper & Miller, LLP*

## INTRODUCTION

In support of their motion to quash (ECF No. 1), non-party Katz, Sapper & Miller, LLP ("KSM") brings to this Court's attention a decision by the Hon. Analisa Torres in the U.S. District Court for the Southern District of New York, quashing a related subpoena served by Plaintiff Alcon Vision, LLC ("Alcon Vision") upon non-party Hammond, Kennedy, Whitney & Company Inc. ("HKW). (*See* ECF No. 17, Case No. 1:19-mc-00384-AT, *Alcon Vision, LLC v. Allied Vision Group, Inc. et al.*) A copy of this decision is attached as Exhibit A, while a copy of Alcon Vision's subpoena to HKW is attached as Exhibit B.

## RELEVANT BACKGROUND

Judge Torres' ruling relates to several issues implicated by Alcon Vision's subpoena to KSM and the parties' briefing:

**First,** Judge Torres properly found that Alcon Vision bears the burden of showing the relevance of its requested information and, with regard to the HKW subpoena, that she was "not persuaded" that Alcon Vision had met that burden. (Ex. A, p. 4.) HKW is a non-party private equity firm that Alcon claims acquired the defendants in the underlying case. (*Id.*, p. 2.) Through the HKW subpoena, Alcon Vision sought documents relating to HKW's claimed acquisition of the defendants, directly from HKW. (*E.g.,* Ex. B, Request No. 1.) These are the same documents and same subject matter sought through the KSM subpoena. (ECF No. 3-1, Request Nos. 1-7, 11-13.) Not only is HKW's claimed investment in the defendants irrelevant to the underlying case, but the KSM subpoena relates to the same topics as the HKW subpoena, such that Judge Torres' finding on relevance is material to this Court's analysis.

**Second,** Judge Torres found that the HKW subpoena was unduly burdensome, in part, because Alcon Vision can obtain much of the information requested from the parties to the

1

underlying case. (*Id.*, p. 5.) The same analysis applies here—indeed, KSM has moved to quash on the same basis, because Alcon can seek documents regarding the defendants' business value and goodwill through party discovery. (ECF No. 9, p. 8.) As Judge Torres already found that Alcon's attempts to circumvent party discovery were improper, her analysis is relevant to this Court's determination.

**Third,** Judge Torres found that the HKW subpoena was overbroad. (*Id.*, p. 5.) As but one example of its overbreadth, Judge Torres found that Alcon Vision could obtain some of its requested information from the defendants in the underlying case, suggesting that the subpoena was duplicative and cumulative. She also found that Alcon Vision's definition of "documents" exceeded the limitations imposed by the Local Rules of the Eastern District of New York. (*Id.*) Here, the KSM subpoena seeks documents relating to the values of the defendants' businesses. Alcon Vision has not shown that it cannot obtain these documents in the underlying case such that the subpoena is duplicative and cumulative, similar to Allied Vision's requests. Judge Torres' analysis is equally applicable to the KSM subpoena.

The KSM subpoena suffers from the same deficiencies, such that Judge Torres' ruling should control, here, to avoid the risk of inconsistent rulings.

## CONCLUSION

For the foregoing reasons, and to avoid the risk of inconsistent rulings, KSM respectfully submits Judge Torres' decision as additional authority in support of its motion to quash.

| | |
|---|---|
| Dated: September 11, 2019 | TAFT STETTINIUS & HOLLISTER LLP |

By: **/s/ Jonathan G. Polak**
Jonathan G. Polak (IN Bar No. 219-54-49)*
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: 317.713.3532
Facsimile: 317.713.3699
Email: jpolak@taftlaw.com

Philip R. Bautista (OH Bar No. 0073272) *
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707
Email: pbautista@taftlaw.com

PHILLIPS NIZER LLP

Ilene Jaroslaw, Esq.
485 Lexington Avenue, 14th Floor
New York, New York 10017
Telephone: (212) 841-1343
Facsimile: (212) 262-5152
Email: IJaroslaw@PhilipsNizer.com

*pro hac vice*

*Attorneys for Non-Party Katz, Sapper & Miller, LLP*

25838404