# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
ALCON VISION, LLC,

        Plaintiff-Counterclaim Defendant,

-against-

ALLIED VISION GROUP, INC. and
NATIONAL LENS LLC,

        Defendants-Counterclaim Plaintiffs,

-against-

NOVARTIS AG and ALCON
LABORATORIES, INC.,

        Additional Counterclaim Defendants.
------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/6/2019_

19 Misc. 384 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court is a motion brought by non-party Hammond, Kennedy, Whitney & Company, Inc.'s ("HKW") to quash a subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure. ECF No. 2. The subpoena was issued in connection with a case pending in the United States District Court for the Eastern District of New York, 18 Civ. 2486. HKW Mem. at 1, 3, ECF No. 7. HKW seeks an order quashing the subpoena served upon it by Alcon Vision, LLC ("Alcon"), the plaintiff in the underlying litigation. HKW Mem. at 3. For the reasons stated below, the motion to quash is GRANTED.

## BACKGROUND

    In April 2018, Alcon, a manufacturer and distributor of soft contact lenses, brought the underlying trademark infringement action against Defendants Allied Vision Group, Inc. and National Lens LLC, wholesale distributors of contact lenses in the United States. HKW Mem. at

1–2, Alcon. Mem. at 1, ECF No. 15.  The case involves the sale of Alcon-branded contact lenses in the United States that were sourced from Alcon distributors outside of the United States—a practice commonly referred to as "gray market" selling.  HKW Mem. at 2.  Alcon alleges that Defendants import and sell Alcon contact lenses that are not intended to be sold in the United States, may not be compliant with U.S. Food and Drug Administration standards or even be authentic, and lack Alcon's safety and usage information for U.S. consumers.  Alcon. Mem. at 1.

HKW is a private equity firm.  HKW Mem. at 2.  In September 2017, shortly before the filing of the complaint, HKW acquired Defendants through a leveraged buyout.  Alcon Mem. at 2.  Alcon alleges that HKW's "partnership model" and active role in Defendants' operations, including the fact that HKW Senior Partner Jeff Wood is Defendants' chairman, suggest that HKW is involved in Defendants' daily affairs and may have information relevant to Alcon's claims and defenses.  *See* Alcon Mem. at 2–3.  HKW denies this.  HKW Mem. at 2, 15.

On July 12, 2019, Alcon served a subpoena on HKW seeking documents related to Defendants' defenses and counterclaims.  Alcon Mem. at 3–4.  The parties engaged in a meet and confer process during which Alcon agreed to (1) extend the deadline for HKW to respond to the subpoena to August 16, 2019, Alcon Mem. at 1 n.1, and (2) limit the relevant timeframe to January 1, 2015 to the present.  Alcon Mem. at 4.  Arguing that this timeframe limitation fails to address HKW's overbreadth and relevance concerns, HKW moved to quash the subpoena on August 16, 2019.  HKW Mem. at 1.

## DISCUSSION

I. <u>Legal Standard</u>

Federal Rule of Civil Procedure 45 provides that on a "timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iv) subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3)(A).

On a motion to quash, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Shaw v. Arena*, No. 17 Misc. 448, 2018 WL 324896, at *1 (S.D.N.Y. Jan. 3, 2018) (internal quotation marks, citation, and alteration omitted). Upon establishing relevance, "the movant bears the burden of demonstrating an undue burden." *Griffith v. United States*, No. M8-85, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007). Determining whether a subpoena imposes an undue burden "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it," which "calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009); *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005).

II. <u>Analysis</u>

The Court concludes that although the subpoena may seek relevant information, it is overbroad and, as a result, unduly burdensome on HKW. The Court first considers relevance and then addresses burden. "[A] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." *Westernbank Puerto Rico v.*

3

*Kachkar*, No. 07 Civ. 1606, 2009 WL 856392, at *4 (S.D.N.Y. Mar. 27, 2009) (internal quotation marks and citation omitted). "[W]here relevance is in doubt, the district court is to be permissive." *Id.*

Alcon argues that the subpoena seeks "documents that bear directly on Defendants' defenses and counterclaims in the underlying litigation—most notably, on Defendants' claims that they have no knowledge of risks associated with their purchase and sale of gray market lenses and that they are being harmed by Alcon's efforts to stop the sale of gray market Alcon lenses—and Alcon's allegation that Defendants acted willfully." Alcon Mem. at 3. Further, Alcon contends that because "HKW acquired Defendants shortly prior to the filing of the complaint in the [u]nderlying [a]ction, communications between HKW and Defendants are likely to be directly relevant to these issues." *Id.* at 4. The standard, however, requires more than a likelihood of relevance. Alcon must demonstrate that "the information sought *is* relevant and material to the allegations and claims at issue in the" underlying litigation. *Shaw*, 2018 WL 324896, at *1 (internal quotation marks and citation omitted) (emphasis added). The Court is not persuaded that Alcon has demonstrated relevance, but hesitates "to pass judgment on what constitutes relevant evidence thereunder." *Westernbank Puerto Rico*, 2009 WL 856392, at *4 (internal quotation marks and citation omitted).

Alcon seeks "two general categories of information: (1) Defendants' representations to HKW, which will bear on Defendants' knowledge of the risks that exist in buying and selling gray market, including risks to Defendants' business from Alcon's enforcement activities; and (2) any independent knowledge that HKW possesses of those risks, either before or after HKW acquired Defendants." Alcon Mem. at 5.

In "balanc[ing] the interests served by demanding compliance with the subpoena against

4

the interests furthered by quashing it" and "consider[ing] whether the information is necessary and whether it is available from any other source," the Court finds that the subpoena imposes an undue burden on HKW. *Aristocrat Leisure Ltd.*, 262 F.R.D. at 300. To the extent that Alcon seeks "Defendants' representations to HKW," Alcon can obtain that information from Defendants in the underlying action. This Court may limit discovery if "the party seeking discovery has ample opportunity to obtain the information by discovery in the action[.]" *Vangelakos v. Wells Fargo Bank, N.A.*, No. 13 Civ. 6574, 2014 WL 12772257, at *1 (S.D.N.Y. June 26, 2014) (quoting Fed. R. Civ. P. 26(b)(2)(C)(ii)) (internal quotation marks omitted); *see Ameritox, Ltd. v. Millennium Labs, Inc.*, No. 12 Civ. 7493, 2012 WL 6568226, at *2–3 (N.D. Ill. Dec. 14, 2012) (granting a motion to quash nonparty subpoena "because the requests are cumulative and duplicative of discovery requests made to the party to the litigation"). Alcon argues that Defendants have produced only one document that mentions HKW. Alcon Mem. at 8. This, however, does not mean that Alcon is without recourse. Alcon may avail itself of other discovery tools under the Federal Rules of Civil Procedure.

Moreover, the subpoena is overbroad. For example, the subpoena requests "All Documents" in connection to several topics. "Documents" is defined as "any kind of written, typewritten, photographic, or printed material whatsoever and any computer-readable material, including, without limitation, papers, agreements, contracts, notes, memoranda, correspondence, letters, telegrams, statements, personal diaries, records, books, maps, blueprints, forms, transcriptions and recordings, magnetic tapes, discs, and printed cards that are in Your possession, custody, or control." HKW Mem. at 4 n.3. Alcon's argument that "[r]ather than file this motion, HKW should have merely applied the definitions in the Local Rules," Alcon Mem. at 8, is unavailing; HKW would need to comply with the subpoena as written, absent some agreement between the parties. There

appears to be no such agreement here.  *See* HKW Reply at 8, ECF No. 13.  Because the subpoena is overbroad, it places an undue burden on HKW.

Accordingly, the motion to quash is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 2.

SO ORDERED.

Dated: September 6, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge